██ In the Matter of the Claim of WILLIAM STOREY, Respondent, v. ATLAS STEEL CASTING Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which found that claimant contracted an occupational disease under section 3 (subd. 2, par. 29) of the Workmen's Compensation Law. Claimant was employed in the employer's steel foundry since 1936 as a sand-mix operator. He was hospitalized in July, 1958, with a two-month history of pleuritic chest pain. After release from the hospital and further treatment at a chest clinic, claimant returned to work for approximately three months. In March, 1959, claimant consulted Dr. Birchetti who gave a diagnosis of " Chronic bronchial irritation with subsequent emphysematous changes and pleural effusions." This condition was attributed to claimant's 23 years work on the sand-mixing machine in a dusty atmosphere. These statements were contained in a 48-hour preliminary attending physician's report. Claimant was referred to the board of chest consultants. Dr. Brock, an expert consultant, gave the report and testified that his diagnosis was of healed pleurisy probably tuberculous in origin and minimal pulmonary emphysema. Dr. McKay, the carrier's expert, gave a diagnosis of chronic fibrous pleurisy after pleurisy with effusion. Both testified that there was no evidence of causal relation between claimant's disabling condition and his occupation. It is conceded that claimant was exposed to silica and there are statements by Drs. Brock and McKay that this exposure could predispose claimant to these conditions. Also in the record there is a report from Dr. Ciesla which states that there is no evidence of any occupational fibrosis. A majority of the board panel found an occupational disease " in the nature of pleural effusion and that the pleural effusion is due to the nature of claimant's employment as a sand mix operator with the employer herein." We do not believe that there is substantial evidence in the record before us to support this conclusion,

and the matter should be remitted for further development of the record as to causal relation. Decision reversed, and matter remitted to the Workmen's Compensation Board, without costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.